## COUNTY COURT.

JAMES RUSSELL, respondent agt. JAMES A. OSTRANDER AND AUGUSTUS H. SUTTON, appellants.

Under the Revised Statutes, in *summary proceedings* against a tenant for holding over, it is provided (3 *R. S.* vol. 3, 5th ed. *p.* 836, § 30): "On receiving such affidavit, such officer shall issue his summons, describing the premises of which the possession is claimed, and requiring any person in the possession of said premises, or claiming the possession thereof, forthwith to remove from the same, or to show cause before such magistrate, within such time as shall appear reasonable, not less than three nor more than five days, why possession of said premises should not be delivered to such applicant; provided, however, that in the cases where a person continues in possession of the demised premises after the expiration of his term, without permission of his landlord, the magistrate may direct such summons to be made returnable *on the same day:*"

*Held,* that it is discretionary with the magistrate where the summons is issued, in the case of holding over after the expiration of his term without permission, to make it returnable on the same day, or *on any day within the five days.*

*Ulster County, June Term,* 1865.

THE plaintiff, claiming to be the landlord of certain premises, presented his affidavit to a justice of the peace, making out a case for the removal of the defendants, on the ground that they held over and continued in possession of the demised premises after the expiration of their term, without the consent of the landlord. The justice thereupon issued a summons in the usual form, and made it returnable the next day. On the return day the defendants appeared and raised the objection that the justice had acted without authority in making the summons returnable on the next day after its issue and service, claiming that it should have been returnable on the same day, or not less than three nor more than five days from its date, and moved to dismiss the proceedings on that ground. The justice denied the motion, and overruled the objection. The defendants then withdrew from the cause, and judgment having been rendered for the plaintiff, the defendants appealed to this court.

J. M. Cooper, *attorney for the defendants, appellants.*
John E. Van Etten, *attorney for the plaintiff, respondent.*

A. Schoonmaker, Jr., Co. J.   The sole question in this
case is, whether a summons in summary proceedings against
a tenant for holding over after the expiration of his term,
can be made returnable on any day from the first to the
fifth, as may "appear reasonable" to the magistrate.   It
is conceded, and the statute is sufficiently clear in that
respect, that the summons may be properly returnable on
the same day, and also on any day not less than three nor
more than five days.   But whether it can be on the first
and second days, is a question not free from difficulty.   The
Revised Statutes originally provided that the summons in
summary proceedings should require the defendant " to
show cause before the said magistrate on the same day, or
within such time as shall appear reasonable, not less than
three nor more than five days, why possession," &c.   The
words "not less than three," were not in the section as
reported by the revisers, but were inserted by the legisla-
ture.   As reported by the revisers, it is quite clear that
the summons could have been made returnable on any day
from one to five, but as amended by the legislature, it is
equally clear that there were two distinct periods of ser-
vice and of return of the summons, without reference to
the ground on which it might be issued.   There is a man-
ifest incongruity in this section, as adopted by the legisla-
ture and embodied in the Revised Statutes, but it was suf-
fered to remain in that form until 1851, when it was
amended so as to read as follows :   " To show cause before
the said magistrate, within such time as shall appear rea-
sonable, not less than three nor more than five days, why
possession," &c.,   " provided, however, that in the cases
where a person continues in possession of the demised
premises after the expiration of his term without permission
of his landlord, the magistrate may direct such summons

Russell agt. Ostrander.

to be made returnable on the same day " (3 *R. S. 5th ed.* *p.* 837, § 30). Since 1851, no change has been made. The alteration of 1851 clearly makes a three days' summons necessary in all cases under this statute, except the single case where the tenant holds over after the expiration of his term. Does this mean that it " must be " returnable on the same day and no other ? No one, perhaps, will urge such a construction. It would limit and contract the remedy afforded by the statute, in the very case in which the legislature evidently intended to give it more scope, and make it more summary. But was it intended by this amendment to leave the section in cases like the present one substantially as it was before, with two kinds of summons, while explicitly providing for the longer summons only in the other cases ? Or was it meant to restore the section in cases of holding over, as it stood before it was confused by the legislature ?

It must be assumed that some change was intended to be made, or the amendment could have had no occasion or object. The change in respect to the longer summons is entirely apparent. In cases like this there is no change at all, unless a return of the summons on any day from the first to the fifth is authorized. Unless this change was effected the amendment accomplished nothing, and the evil remained. A statute should be held to have accomplished what the legislature had in view, when the language will warrant an interpretation favorable to the apparent object. So if a statute will admit of two constructions, and the one involves an inconsistency, or would have the effect to complicate and embarrass proceedings under it, while the other is free from such objections, such other construction should clearly be adopted.

Under these principles, it would follow that this statute should be construed as it was by the justice in this case. And this view renders the statute complete and harmonious. For if a magistrate can exercise his discretion in making

Russell agt. Ostrander.

a summons returnable on the same day, or on the third, fourth and fifth days, no reason can be perceived why the first and second days should be excluded. It is also a general rule where two periods are fixed within which an act may be done, that it may be done on any intervening day, unless some day be expressly excluded. Mere construction should not exclude, where it is not clear that the legislature intended to exclude.

In this statute the longest limit of the summons is five days, and the shortest on the same day. Had the language of the section been, " provided, however, that when the tenant holds over after the expiration of his term, the summons may be returnable not less than one day," it would be plain enough that the three days' requirement was removed in such cases, and any of the intermediate days would be proper as return days. The practical reading then would be, " not less than one nor more than five days." But the act goes further, and declares that the summons may be made returnable on the same day. I am satisfied that the effect of this proviso is to remove the three days' limitation entirely in cases where the tenant holds over, and that the legislative intent was that in those cases the summons might be returnable on the same day, or within such time as might appear reasonable, not more than five days. That this construction is warranted by the language employed, is probable, in view of the changes made in the section, and renders it consistent and reasonable. It also relieves it from the eccentricity of authorizing two kinds of summons for the same cases, with an arbitrary hiatus of two days, liable to embarrass magistrates, and complicating proceedings that should be simple and certain.

I hold, therefore, that the summons in this proceeding was made properly returnable, and the judgment of the justice must be affirmed.